UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | Cause No. | 1:19-cr-00285-JRS-MG |
| | ) | | |
| TILANDICE MOORE, | ) | | -01 |
| | ) | | |
| Defendant. | ) | | |

**REPORT AND RECOMMENDATION**

On February 18, 2025, the Court held a hearing on the Petitions for Warrant or Summons for Offender Under Supervision filed on February 4, 2025, and September 26, 2024. Defendant appeared in person and by CJA appointed counsel Julie Treida. Government represented by AUSA Adam Eakman. USPO represented by Travis Buehrer.

Defendant had previously appeared before the Honorable Mario Garcia on November 14, 2024, for an initial appearance on a Petition for Warrant or Summons for Offender under Supervised Release filed on September 26, 2024. [Dkt. 87.] At that hearing, Defendant was appointed counsel and admitted to violations 1 through 7 in the Petition, and the Court found that he violated the same. The Parties jointly recommended a modification to existing conditions of release to include placement at a residential reentry center for the term of 180 days and that Defendant must abide by the rules and regulations of the facility, and the Court recommended the same. [Dkt. 87.] The Parties recommended holding the disposition in abeyance, so the Court set a status conference for February 2025 and a disposition hearing for June 17, 2025. [Dkt. 87.]

On February 4, 2025, a new Petition for Warrant or Summons for Offender Under Supervision was filed. At the February 18, 2025 hearing, counsel agreed that the Court should

proceed with Defendant's initial appearance on that Petition and the Parties also reported to the Court that they had a joint recommended disposition for all pending violations because the previously recommended placement by the Court at the November 14, 2024, hearing had not been implemented.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. With regard to violation numbers 8 and 9 in the Petition dated February 4, 2025, the Court advised Defendant Moore of his rights and provided him with a copy of the Petition. Defendant Moore waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Moore admitted to violations 8 and 9, and the Court found that he had violated the same. As previously stated, Defendant Moore had previously admitted to violations numbers 1 through 7, and the Court found that he had violated the same.

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage.**<br><br>On May 23, May 29, and September 17, 2024, Mr. Moore submitted urine samples that tested positive for cocaine and amphetamine. On June 20, 2024, Mr. Moore submitted a urine sample that tested positive for cocaine. On July 16, 2024, Mr. Moore submitted a urine sample that tested positive for cocaine, amphetamine and fentanyl. On each of the above occasions, Mr. Moore admitted use of what he believed to have been PCP. |
| 2 | **"You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and** |

> regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer."

On July 8, 10, and 17, 2024, Mr. Moore failed to report to Take Back Control, LLC., for his intake assessment. From August 20 to September 24, 2024, Mr. Moore failed to report for substance abuse treatment at Take Back Control, LLC.

3 | **"You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods."**

On June 28, July 2, and September 25, 2024, Mr. Moore failed to report for drug testing under the random urinalysis collection program.

4 | **"You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision."**

On August 27, 2024, Mr. Moore failed to regain contact with Take Back Control, LLC., to begin services, as well as failed to identify a Narcotics Anonymous Group as directed on August 20, 2024. On September 23, 2024, Mr. Moore erroneously presented himself as a "cocaine only" user when conducting an assessment at Valle Vista Health System, making him ineligible for their inpatient programming. On September 24, 2024, Mr. Moore failed to complete an intake at the Hickory Recovery Center in Indianapolis, Indiana, as he was instructed.

5 | **"You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment."**

Mr. Moore released from the custody of the Bureau of Prisons on May 17, 2024, and has remained unemployed since.

6 | **"You shall not commit another federal, state, or local crime."**

On June 25, 2024, Mr. Moore was arrested by the Bloomington, Indiana, Police Department for the offense of Driving on a Suspended License, misdemeanor. The case is still pending under Case Number 53C02-2406-CM-000855.

| | | |
|---|---|---|
| 7 | | **"You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.** |

On June 26, 2024, Mr. Moore executed a bond in Monroe County indicating his home address to be 512 Basswood Drive, Bloomington, IN 47403. This address change was not reported to the probation officer until Mr. Moore was confronted with the evidence on July 16, 2024.

8	**"You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage."**

On January 31, 2025, Mr. Moore submitted a urine sample that tested positive for cocaine. He admitted to use at the time of collection.

9	**"You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods"**

On February 3, 2025, Mr. Moore failed to report for drug testing under the random urinalysis collection program.

4. The Parties stipulated that:

   (a) The highest grade of violation is a Grade B violation.

   (b) Defendant's criminal history category is V.

   (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 18 to 24 months of imprisonment.

5. The Parties jointly recommended a modification to existing conditions to include placement at a residential reentry center for the term of 180 days and at which he must abide by the rules and regulations of the facility. The Parties jointly recommended that Defendant be released to the supervision of Probation until a bed at the residential reentry center is available.

The Parties made this joint recommendation despite Defendant's additional Petition because the original recommendation made in November 2024 was not implemented via an oversight.

6. The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition and that his current conditions of release shall be modified to include placement at a residential reentry center for the term of 180 days and at which he must abide by the rules and regulations of the facility. All previously imposed conditions of release also remain in place.

7. The parties are hereby notified that the District Judge may reconsider any matter referred to a Magistrate Judge. The parties waived the fourteen-day period to object to the Report and Recommendation.

Date: 2/20/2025

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the Court's ECF system

United States Probation Office